IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-60662
_____

CONOCO, INC.,

Petitioner,

versus

DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR;
REGINA DIXON PREWITT,

Respondents.

_____

Petitions for Review of an Order of the
Benefits Review Board
_____

November 12, 1999

Before REYNALDO G. GARZA, JOLLY, and WIENER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:


The issues presented in this appeal are (1) whether the U.S. Department of Labor's Benefits Review Board ("BRB" or the "Board") erred in affirming an award of disability benefits by the Administrative Law Judge ("ALJ") and (2) whether the Board erred in its determination of the proper amount of attorney's fees awarded in this matter.

I

A

We need not set forth the facts at length. In brief summary, the respondent, Regina Dixon Prewitt, was an employee of the petitioner, Conoco, Inc. She claims she was injured when struck by a turnbuckle on her left shoulder or on the left side of her neck while working on one of Conoco's offshore oil platforms. As a result of this claimed injury, Prewitt saw four doctors, a psychologist, and a vocational specialist. She also visited the emergency room on two occasions. Although the record indicates the possibility that the injury never occurred or is a cover for injuries stemming from an earlier auto accident or weightlifting activities, and although there appears a probability that Prewitt has magnified her claim, our factual review is nevertheless circumscribed.

We review decisions of the Board to determine only whether it "correctly concluded that the Administrative Law Judge's order was supported by substantial evidence on the record as a whole and is in accordance with law." Ingalls Shipbuilding, Inc. v. Director, OWCP, 991 F.2d 163, 165 (5th Cir. 1993) (quoting Avondale Indus. v. Director, OWCP, 977 F.2d 186, 189 (5th Cir. 1992)).

B

1

2

Prewitt sought benefits under the Longshore and Harbor Workers' Compensation Act (the "Act"), 33 U.S.C. § 901, et seq., claiming temporary total disability. Conoco paid benefits through November 30, 1995, but Prewitt sought payments from December 1, 1995, and thereafter. She also sought additional medical treatment, contending that at the time of the benefits' hearing she had not reached maximum medical improvement. Conoco objected to the claim for benefits by contending that Prewitt was not credible and did not suffer a disabling injury; Conoco argued that Prewitt's pain was attributable to the earlier car accident. Alternatively, Conoco contended that if Prewitt did suffer such an injury, she reached maximum medical improvement in September 1994.

After a hearing, the ALJ awarded benefits to Prewitt. Specifically, the ALJ evaluated the testimony and medical record evidence and rejected Conoco's argument that Prewitt's testimony was not credible and thus should be disregarded. The ALJ did not find the various inconsistencies or discrepancies in Prewitt's testimony significant. Instead, the ALJ found Prewitt's testimony generally unequivocal and credible.

On the issue of causation, the ALJ applied the presumption in 33 U.S.C. § 920(a), finding that Prewitt established a prima facie case of an "injury" within the meaning of the Act. To invoke the section 920(a) presumption, a claimant must prove (1) that she

3

suffered a harm and (2) that conditions existed at work, or an accident occurred at work, that could have caused, aggravated or accelerated the condition.  See Merrill v. Todd Pacific Shipyards Corp., 25 BRBS 140 (1991).  Once the presumption is invoked, the burden shifts to the employer to rebut it through facts--not mere speculation--that the harm was not work-related.  See, e.g., Bridier v. Alabama Dry Dock & Shipbuilding Corp., 29 BRBS 84 (1995); Hampton v. Bethlehem Steel Corp., 24 BRBS 141, 144 (1990); Smith v. Sealand Terminal, 14 BRBS 844 (1982).

The ALJ required Conoco to present specific and comprehensive medical evidence to rebut the presumption of a connection between the harm and employment.[1]  The ALJ found that Conoco failed to carry that burden by focusing on Prewitt's credibility rather than

[1]The ALJ's opinion states:

> Once the presumption is invoked, the burden shifts to the employer to rebut the presumption with substantial countervailing evidence which establishes that claimant's employment did not cause, contribute to or aggravate her condition.  Employer must produce facts, not speculation, to overcome the presumption of compensability.  Reliance on mere hypothetical possibilities in rejecting a claim is contrary to the presumption created by Section 20(a).  Rather, the presumption must be rebutted with specific and comprehensive medical evidence proving the absence of, or severing, the connection between harm and employment.

Although the BRB did not expressly address the ALJ's opinion, this requirement that the employer submit evidence "proving the absence of, or severing, the connection," like the  "ruling out" standard discussed infra, see section II.A., would be  incorrect.

on medical evidence. Finding that Conoco had not rebutted the statutory presumption, the ALJ concluded that Prewitt suffered a compensable injury within the meaning of the Act, and that she was temporarily totally disabled in that she was unable to return to her former employment and suffered loss of wage earning capacity.

In addition, the ALJ concluded that Prewitt had not reached "Maximum Medical Improvement" based on the testimony of Prewitt's treating physician, Dr. Fritchie, who suggested that further diagnostic testing would be useful to determine whether additional treatment could improve Prewitt's condition. In evaluating the credibility of the testimony by various medical professionals, the ALJ specifically accorded greater probative weight to the testimony of Dr. Fritchie than to that of other doctors who saw Prewitt, as Dr. Fritchie was Prewitt's treating physician for over two years and thus was more familiar with her and her condition.

The ALJ held that Prewitt should receive temporary total disability benefits based on her average weekly wage of $880.93, beginning June 20, 1994. Conoco received credit for any compensation already paid since that date but did not receive credit, or offset, for the severance payment to Prewitt as a result of a downsizing. The severance payment was based on Prewitt's service as an employee of Conoco and did not constitute wages in lieu of compensation benefits. The ALJ also ordered Conoco to pay

reasonable, necessary, and appropriate medical expenses arising from Prewitt's June 1994 work injury. The ALJ did not assess any penalties under section 14(e) for untimely payment by Conoco and awarded interest according to the rate applied by United States district courts. In a supplemental order dated October 15, 1997, the ALJ awarded attorney's fees.

## 2

Conoco appealed both the original and supplemental orders of the ALJ to the BRB. The Board issued an order on September 3, 1998. Under a standard of review requiring the Board to affirm the ALJ's findings of fact that are rational and supported by substantial evidence and legal conclusions that are supported by law, see O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc., 380 U.S. 359 (1965), the Board affirmed the award of benefits. The amount of attorney's fees is discretionary and may be set aside by the Board only if it is arbitrary, capricious, an abuse of discretion, or not in accordance with law. See Muscella v. Sun Shipbuilding & Dry Dock Co., 12 BRBS 272 (1980). The Board modified the amount of the attorney's fees awarded after adjusting the billing increments.

Conoco argued that the ALJ erred in finding that Prewitt had established a prima facie case under section 920(a) and in finding that Conoco failed to rebut the presumption. Conoco also disputed

the conclusion that Prewitt remained totally disabled after September 1994. Conoco contended that the bilateral tendinitis for which Dr. Fritchie was treating Prewitt was a new and different, nonwork-related injury.

The Board held that the ALJ's invocation of the section 920(a) presumption, on finding that Prewitt proved (1) an injury and (2) a workplace accident or working conditions could have caused her injury, was rational and supported by substantial evidence. The Board also found rational the ALJ's evaluation that the inconsistencies in Prewitt's testimony were inconsequential. The Board affirmed that Conoco had a burden to present specific and comprehensive evidence to rebut the presumption that the harm was work-related, and that Conoco failed to meet that burden. According to the Board, Conoco, in its reliance on inconsistencies in Prewitt's testimony and discrepancies between her testimony and medical records, failed to rule out the possibility of a causal relationship between Prewitt's employment and her injury. Specifically, the BRB stated:

> Employer, however, has identified no specific and comprehensive evidence <u>ruling out</u> a causal relationship between claimant's employment and her neck and shoulder injuries, and, thus, has failed to meet its burden of proof on rebuttal.

The Board also found no error in the ALJ's decision to accord greater weight to Dr. Fritchie's testimony than to the testimony of

other doctors regarding Prewitt's continuing total disability and failure to attain maximum medical improvement. According to the Board, Dr. Fritchie's testimony constituted substantial evidence, and the ALJ was within his discretion to credit it heavily.

Finally, the Board adjusted the award of attorney's fees. Prewitt's counsel initially sought a fee of $15,037.50 for 91.75 hours of service by lead counsel at $150.00 per hour and 15 hours of service by associate counsel at $100.00 per hour, and costs of $339.55. The ALJ awarded $12,792.63 in fees, after reducing the number of hours by lead counsel to 83.5 and disallowing $71.92 in costs. In reducing the fee award, the Board found merit in Conoco's argument that the ALJ improperly awarded fees based on minimum quarter-hour billing records. The regulations governing the Review Board indicate that billing should be submitted in quarter-hour increments. See 20 C.F.R. § 802.203(d)(3). This court, in two unpublished opinions, however, refused to interpret the regulation to authorize "rounding-up" to quarter-hour increments for work that was actually performed in a shorter period of time.[2] Heeding that guidance, the Board reduced certain entries

_____

[2]See Ingalls Shipbuilding, Inc. v. Director, OWCP [Fairley], No. 89-4459 (5th Cir. July 25, 1990) (unpublished); Ingalls Shipbuilding, Inc. v. Director, OWCP [Biggs], No. 94-40066 (5th Cir. Jan. 12, 1995) (unpublished). According to 5th Cir. Rule 47.5.3, "[u]npublished opinions issued before January 1, 1996, are precedent."

from one-quarter hour to one-eighth hour billing increments and adjusted the award of fees to $12,717.63 for 83 hours of work at a rate of $150.00 per hour, and affirmed an award of costs of $267.63.

On October 28, 1998, the Board issued a supplemental order on Prewitt's counsel's request for attorney's fees associated with defending the Board appeal brought by Conoco. The Board again accepted Conoco's objection to quarter-hour billing increments, and reduced the billing increments from one-quarter hour to one-eighth hour. The Board entered a total award of $2,005.02, representing $1,987.50 for 13.25 hours of legal services at an hourly rate of $150.00, and $17.52 in costs.

II

A

The BRB applied an incorrect burden on the employer. Title 33, U.S.C. § 920(a) ("Presumptions") states: "In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary (a) [t]hat the claim comes within the provisions of this chapter." "The statute creates a rebuttable presumption which the employer [has] the duty of rebutting with evidence that the [workplace] accident neither caused nor aggravated plaintiff's . . . condition." Brown v. Jacksonville Shipyards,

9

Inc., 893 F.3d 294, 297 (11th Cir. 1990). As we have earlier noted, the BRB held that Conoco had failed to adduce "specific and comprehensive evidence ruling out a causal relationship between claimant's employment and her neck and shoulder injuries, and, thus, has failed to meets its burden of proof on rebuttal." (emphasis added)(citing Brown).

Brown stated, "[n]one of the physicians expressed an opinion ruling out the possibility that there was a causal connection between the accident and Brown's disability. Therefore, there was not direct concrete evidence sufficient to rebut the statutory presumption." Id. at 297 (emphasis added). The BRB in its order purported to rely on our decision in Noble Drilling v. Drake, 795 F.2d 478 (5th Cir. 1986). Noble Drilling, however, does not support a "ruling out" standard. In that case, we agreed that the claimant had successfully made out a prima facie case of workplace injury, and thus shifted the burden to the employer. Noble Drilling articulated the employer's burden as follows:

> To rebut this presumption of causation, the employer was required to present substantial evidence that the injury was not caused by the employment. When an employer offers sufficient evidence to rebut the presumption – the kind of evidence a reasonable mind might accept as adequate to support a conclusion – only then is the presumption overcome; once the presumption is rebutted it no longer affects the outcome of the case.

Id. at 481 (emphasis added). The language does not require a "ruling out" standard; indeed, the hurdle is far lower. See also

10

Lennon v. Waterfront Transport, 20 F.3d 658, 662 (5th Cir. 1994) ("If [the employer] presented substantial evidence that Lennon's injury was not work related, the ALJ was obligated to weigh all of the evidence of record to determine whether the injury arose out of [claimant's] employment." (citing Del Vecchio v. Bowers, 296 U.S. 280, 286-87 (1935)); cf. Eller & Co. v. Golden, 620 F.2d 71, 73 (5th Cir. 1980). Indeed, the plain language of the statute uses the phrase "substantial evidence to the contrary." To place a higher standard on the employer is contrary to statute and case law. We therefore unequivocally reject the "ruling out" standard applied by the Board in this case.

This said, however, the BRB did not commit reversible error in affirming the ALJ's judgment. We review the BRB's finding that substantial evidence exists to support the ALJ's judgment. Despite the legal error, an objective review of the record and the ALJ's opinion lead us to the conclusion that the legal error is harmless--but just barely.

The record indicates that the ALJ entertained two permissible views of the evidence and did not err in accepting the one more favorable to Prewitt. As stated, our standard of review is a deferential one. See Ingalls Shipbuilding, 991 F.2d at 165. Although this is not an easy case in the light of the conflicting medical testimony and Prewitt's less-than-convincing credibility,

we find no error in the ALJ's primary reliance on the testimony of Prewitt's treating physician. Id. ("In our review we typically defer to the ALJ's credibility choices between conflicting witnesses and evidence.")

Prewitt made a prima facie case by proving (1) a harm and (2) a condition of work or workplace injury that could have caused the harm, even if her testimony was inconsistent at times. The ALJ, as affirmed by the BRB, was within his discretion to discount Conoco's attacks on Prewitt's credibility based on her inconsistent statements regarding the exact location of the impact of the turnbuckle on her body, particulars about the accident scene, and description of symptoms to various medical professionals. Such inconsistencies will not undermine automatically the relatively light burden of establishing a prima facie case.

The ALJ also did not plainly err in affording greater weight to the testimony of Dr. Fritchie (who opined that Prewitt could benefit from ongoing treatment and could not return to the same employment) than to testimony of other examiners. Such conclusions are within the discretion of the ALJ. See Avondale Shipyards, Inc. v. Kennel, 914 F.2d 88, 91 (5th Cir. 1988). Moreover, the ALJ correctly concluded that Conoco's alternative theory, that Prewitt's disability was caused by the previous car accident and not by the workplace injury, did not prevent her claim for

12

benefits.  Prewitt admitted the prior injury, but none of the doctors--albeit that much of the testimony supporting Prewitt's claim was equivocal and reluctant--disputed that Prewitt experienced pain and functional impairment not just from the car accident but also from the subsequent workplace injury.  Even if the workplace accident aggravated a pre-existing condition, the ALJ would still be correct in holding that Prewitt sustained an "injury" within the meaning of the Act.  See Strachan Shipping Co. v. Nash, 782 F.2d 513, 517 (5th Cir. 1986).  On appeal, Conoco does not expressly challenge the Board's affirmation that Prewitt remained totally disabled after September 19, 1994; therefore, we need not review that decision.

On these facts, we will not say that the Board's finding of substantial evidence to support Prewitt's workplace injury must be reversed.  Although reluctant to affirm an award of benefits grounded in such a significant legal error, we see little purpose in forcing reconsideration of the matter, only to see the same outcome in the end.  Ms. Prewitt's credibility has been damaged, but sufficient medical testimony exists--especially by her treating physician--to indicate a new or aggravated workplace injury meriting compensation.

Moreover, contrary to Conoco's contention, it does not appear that either the ALJ or the BRB shifted the burden of persuasion, as

contrasted to the burden of production, to Conoco in violation of Director, OWCP v. Greenwich Colleriers, 512 U.S. 267, 280-81 (1994) (rejecting "true doubt rule" under which burden of persuasion, not merely burden of production, shifted to party opposing benefits claim); Pennzoil Co. v. FERC, 789 F.2d 1128 (5th Cir. 1986) (affirming that under Thayer or "bursting bubble" theory of presumptions, only effect of a presumption is to shift burden of producing evidence to challenge the presumed fact).

Conoco's final argument, that the ALJ's assessment of Prewitt's credibility was irrational and contrary to the evidence, is easily disposed of.  Conoco argues that "[t]he ALJ's finding that claimant was 'generally unequivocal and credible throughout the hearing' is so shocking and so contrary to the evidence that it should be viewed as irrational."  The evidence, however, suggests that Prewitt may very well have suffered a workplace injury, or at least aggravated a pre-existing injury caused by the earlier motor vehicle accident.  As we have noted, workplace aggravation of a pre-existing condition is sufficient under the Act for an award of benefits.

B

Conoco argues that the award of attorney's fees was erroneous in that it was based on minimum quarter-hour billing rather than on time actually devoted to work.  Conoco urges that the court "should

either reiterate authoritatively the prohibition of the minimum quarter hour billing period, or, clearly state that this billing method is not in fact prohibited." Conoco also disputes the award of attorney's fees by the Review Board for posttrial conferences between Prewitt and her counsel.

In two unpublished opinions, see supra note 2, we have cast doubt on our willingness to accept quarter-hour billing records in calculating an attorney's fee. We need not address that issue. The BRB did not simply rely on the quarter-hour billing records but carefully scrutinized the records to conclude that they represented work actually performed, relying on this circuit's unpublished decisions, and reduced Prewitt's attorney's fees accordingly.

Prewitt does not dispute the reduction in fees by the Board but seeks affirmation of $2,005.02 in fees awarded by the Board for defending that stage of the appeals process. She also seeks additional fees for twenty hours, at a rate of $150 per hour, for defending the instant appeal. Conoco disputes the request for additional attorney's fees in defending the instant appeal, first, as premature and, second, as not supported by any records.

This fee award was proper. The record shows that the ALJ scrutinized the billing records and made certain adjustments; the Board also adjusted the attorney's fee award for representation in that appeal from the amount requested by Prewitt's counsel.

Accordingly, there was no abuse of discretion or legal error in the award of fees even under this court's precedent. The BRB's order regarding attorney's fees is affirmed in full, including the additional $2,005.02 awarded to Prewitt's counsel for defending against Conoco's appeal of attorney's fees to the BRB. As the prevailing party, upon submission and review of billing records, Prewitt is also eligible for recovery of the reasonable fees incurred because of the instant appeal.

In sum, we AFFIRM the Board on the award of benefits and attorney's fees to Prewitt. Prewitt may apply to this court for attorney's fees associated with this appeal.

III

For the reasons stated herein, the order of the Benefits Review Board is

A F F I R M E D.

16