**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-60474
Summary Calendar

COOPER/T. SMITH STEVEDORING CO.,

Petitioner,

VERSUS

EDWARD GILDS; DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR,

Respondents.

Petition for Review of the Decision and Order of the
United States Department of Labor Benefits Review Board
BRB No. 98-1273

December 29, 1999

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[*]

Cooper/T. Smith Stevedoring Company, Inc. ("Cooper") petitions this court for review of a decision of the United States Department of Labor Benefits Review Board awarding benefits to respondent Edward Gilds. We affirm.

FACTS AND PROCEDURAL HISTORY

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

In October, 1993, Gilds was injured in the course and scope of his employment with Cooper. As a part of the treatment for his injuries, he was sent to a work-hardening program. On October 12, 1994, while working on the "quads machine" as a part of that program, he felt pain in his right quadriceps muscle. It immediately began to swell and the attendant put ice on it. On October 17, 1994, Gilds was diagnosed with a knee effusion. The pain resolved itself. On December 22, 1994, while stepping down from a bar stool, Gild's leg gave out and he felt immediate pain and swelling, similar to that experienced after the work-hardening incident. On January 11, 1995, Gilds was diagnosed with a ruptured right quadriceps tendon. Gilds underwent corrective surgery on January 23, 1995 and returned to work on March 27, 1995. The central dispute is whether the ruptured tendon was caused or aggravated by the work-hardening physical therapy. Gilds filed a claim against Cooper for benefits pursuant to the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 901-950 (1986) ("LHWCA"). After a hearing, the Administrative Law Judge ("ALJ") ruled that Gilds was not entitled to benefits. Gilds appealed that decision to the Benefits Review Board. The Benefits Review Board vacated the ALJ's denial of benefits on the grounds that the ALJ had not applied the "Section 20(a) presumption."[1] The Benefits

---

[1]Section 20(a) of the LHWCA, 33 U.S.C. § 920(a), provides a longshore claimant with a presumption that his disabling condition is causally related to his employment under certain circumstances.

Review Board remanded the claim for a determination of whether Cooper had presented evidence sufficient to rebut the statutory presumption of a compensable claim pursuant to 33 U.S.C. § 920(a) (1986). On remand, the ALJ again determined that Gilds was not entitled to LHWCA benefits for this injury, finding that Cooper presented substantial evidence to rebut the Section 20(a) presumption and that Gilds had not met his burden of proving by a preponderance of the evidence that his tendon injury was caused, contributed to, or aggravated by an employment related event.

Gilds appealed to the Benefits Review Board, which again reversed. The Benefits Review Board panel reasoned that, in order to rebut the Section 20 causation presumption, a medical opinion must unequivocally state that no relationship exists between claimant's harm and his employment. Because both doctors who testified for Cooper conceded that the pain incident in October 1994 could have been related to his January 1995 ruptured tendon, the Benefits Review Board reversed the ALJ on the issue of causation.

DISCUSSION

A. Standard of Review

We review the Benefits Review Board's decision only to determine whether it correctly concluded that the ALJ erred, that is, whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law. *See Boland Marine & Mfg.*

3

*Co. v. Rihner*, 41 F.3d 997, 1002 (5th Cir. 1995).

B. Rebutting the Section 20 Presumption

The circuit has recently clarified the burden imposed on an employer who seeks to rebut the Section 20 causation presumption. In *Conoco, Inc. v. Director, O.W.C.P.*, 194 F.3d 684 (5th Cir. 1999), we reviewed a Benefits Review Board decision that held that an employer had failed to adduce specific and comprehensive evidence ruling out a causal relationship between claimant's employment and her injuries, and, thus, had failed to meet its burden of proof on rebuttal. *See id.* at 690. We unequivocally rejected the "ruling out" standard applied by the Benefit Review Board in that case. *See id.* "'To rebut this presumption of causation, the employer was required to present *substantial evidence* that the injury was not caused by the employment.'" *Id.* (quoting *Noble Drilling v. Drake*, 795 F.2d 478, 481 (5th Cir. 1985)(emphasis in the original)).

Because the Benefits Review Board here employed a standard far more stringent than the substantial evidence standard articulated in *Conoco*, we find that it erred. However, *Conoco* also teaches that such error is reviewed for harmlessness. *See* 194 F.3d at 690. In order resolve the question of harmlessness, we conduct an independent review of the record to see if the ALJ's findings are supported by substantial evidence, keeping in mind the deference due the ALJ's findings. *See id.* The ALJ relied on the testimony

4

of two physicians and an inference drawn from the fact that Gilds did not mention the earlier knee pain during his doctor visit on January 11, 1995 when the tendon rupture was initially diagnosed.

After a review of the record as a whole, we find that the Benefit Review Board's use of an incorrect standard was harmless error. One of the physicians opined that while the work-hardening exercises did not "cause" the rupture, they probably caused a small tear in Gilds's knee and that this tear subsequently became one of the causal factors in the later rupture. The other physician testified initially, based solely on medical records, that the most likely cause of the rupture was the a twisting when Gilds's knee gave out just three weeks before his surgery. However, when given a hypothetical set of facts concerning Gilds's October injury (which facts were established by other evidence and which were not included in the medical records the physician had previously reviewed) the physician reversed himself and related the rupture to the October injury. He explained that quadriceps ruptures are usually due to a degenerative condition, that stress contributes to a rupture and that the quadriceps machine put stress on the tendon. The ALJ's reliance on this doctor's preliminary testimony that did not take into consideration all the facts is misplaced. Further, Gilds's failure to mention the October injury during his January diagnostic visit is not substantial evidence which would support the ALJ's determination that Cooper rebutted the Section 20 causation presumption. We therefore conclude that there is no

5

substantial evidence in the record to support the ALJ's denial of Gilds's claim for benefits.

CONCLUSION

Based on the foregoing, we find that the Benefits Review Board's error in applying the wrong standard of review was harmless and affirm its finding that Cooper failed to rebut the Section 20 presumption on the issue of causation.

AFFIRMED.