# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 98-60291
Summary Calendar

MARGARET M. GALLE, Widow
of Andrew T. Galle,

Petitioner,

versus

INGALLS SHIPBUILDING, INC.;
DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR; AETNA
CASUALTY & SURETY CO.,

Respondents.

On Petition for Review of an Order of the
Benefits Review Board (Mississippi Case)
(97-0858)

May 4, 2000

Before POLITZ, WIENER, and EMILIO M. GARZA, Circuit Judges.

POLITZ, Circuit Judge:[*]

Margaret M. Galle, widow of Andrew T. Galle, appeals the decision of the

Benefits Review Board affirming the Administrative Law Judge's denial of death

benefits under the Longshore and Harbor Workers' Compensation Act.[2] We affirm.

## BACKGROUND

Andrew Galle was employed by Ingalls Shipbuilding Co. and sustained

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]33 U.S.C. § 901 et seq.

injuries during the course of his employment when, on November 24, 1984, he tripped, striking his right knee and shoulder and tearing his right rotator cuff. He was unable to return to his former job and, ultimately, was awarded permanent partial disability benefits under the LHWCA because of an inability to raise his right arm to the horizontal level.[3] On January 15, 1993, Galle died while in the restroom of a local department store. The cause of death was listed as acute myocardial infarction; no autopsy was performed. Mrs. Galle filed a claim for death benefits on behalf of herself and her disabled son, alleging that decedent's heart attack and resulting death was caused or aggravated by the litigation arising from his 1984 work accident. Prior to the hearing Mrs. Galle unsuccessfully sought recusal of the ALJ because he had presided over the disability claim.

The ALJ determined that Mrs. Galle was entitled to the Section 20(a)[4] presumption of causation, but found that Ingalls rebutted this presumption. The ALJ denied the death benefits claim based on the lack of a causal connection between decedent's work-related shoulder injury and the heart attack which presumably caused his death. The Benefits Review Board affirmed and this appeal followed.

## ANALYSIS

Our review of the BRB's decision is limited to whether it properly concluded that the ALJ's decision was rational, supported by substantial evidence on the

---

[3]**Galle v. Ingalls Shipbuilding, Inc.,** BRB No. 90-1830/A (July 27, 1992) (unpublished).

[4]33 U.S.C. § 920(a).

record, and in accordance with applicable law.[5] Substantial evidence is more than a scintilla but less than a preponderance and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[6]

Mrs. Galle contends that decedent's shoulder injury led to protracted litigation over disability benefits, thereby causing decedent to suffer severe stress and depression. In turn, she maintains that this stress and depression aggravated decedent's pre-existing heart disease and caused his fatal heart attack in January of 1993. She claims that because Ingalls failed to prove that the shoulder injury did not cause or contribute to decedent's heart attack, Ingalls failed to present sufficient evidence to rebut the presumption of causation. This, however, is not the proper test. To rebut the presumption, an employer is required to present "substantial evidence that the injury was not caused by the employment."[7] Thus, Ingalls was not obliged to present testimony effectively "ruling out" the possibility that decedent's heart attack was causally related to his shoulder injury.[8] Ingalls presented the medical opinions of seven doctors who concluded that there was no causal connection between decedent's death and his work-related injury. We find no error in the ALJ's conclusion that Ingalls successfully rebutted the presumption of causation.

---

[5] **Conoco, Inc. v. Director, OWCP,** 194 F.3d 684 (5th Cir. 1999).

[6] **Avondale Indus., Inc. v. Director, OWCP,** 977 F.2d 186, 189 (5th Cir. 1992) (internal quotation marks and citations omitted).

[7] **Noble Drilling Co. v. Drake,** 795 F.2d 478, 481 (5th Cir. 1986).

[8] **Conoco,** 194 F.3d at 690.

Once the presumption was overcome, the ALJ was obliged to look to the record evidence as a whole to determine the issue of causation.[9] In the instant case, the ALJ determined that if the decedent's heart attack was caused by stress or a psychological disorder, any such infirmities arose from the litigation process rather than the shoulder injury itself. He further concluded that such litigation amounted to a supervening event which severed the causal connection between death and the employment-related injury, thus relieving Ingalls of liability.[10] Based on the medical evidence and testimony offered by both parties, the ALJ found that decedent did not suffer from Post Traumatic Stress Disorder or clinical depression, and that neither acute nor chronic stress caused or contributed to his myocardial infarction.

Pretermitting the question whether litigation concerning the primary injury constituted an intervening cause, we conclude that the ALJ's finding that decedent's fatal heart attack was not the result of any psychological malady or attendant stress is rational and substantially supported by the record evidence. The ALJ's decision was based on the testimony of Mrs. Galle and her children, and the testimony and reports of numerous medical doctors, including the doctors who treated decedent's shoulder injury. Absent an autopsy, the exact cause of death was

---

[9]**Gooden v. Director, OWCP,** 135 F.3d 1066 (5th Cir. 1998); **Konno v. Young Brothers, Ltd.,** 28 BRBS 57 (1994).

[10]Mrs. Galle's objection to the ALJ's consideration of intervening cause is misplaced. As noted by the BRB's decision, intervening cause is relevant to the issue of causation because proof that a subsequent intervening event caused an employee's injury relieves the employer of liability. **Shell Offshore, Inc. v. Director, OWCP,** 122 F.3d 312 (5th Cir. 1997) (describing doctrine of "supervening cause" in LHWCA context); **Bludworth Shipyard, Inc. v. Lira,** 700 F.2d 1046 (5th Cir. 1983).

unknown and the record contains conflicting evidence as to what circumstances caused or contributed to decedent's heart attack.

As the trier of fact, the ALJ "is not bound to accept the opinion of any particular medical expert"[11] and is obliged to determine questions of witness credibility and to weigh conflicting evidence.[12]  The ALJ attributed more weight to the opinions of doctors who had actually examined the decedent and whose conclusions were consistent with diagnoses contained in well-known medical reference texts.  Additionally, he fully articulated his reasons for crediting one medical opinion over another.  We find no error in either the ALJ or the BRB's determinations.

Mrs. Galle's challenge to the ALJ's use of the Merck Manual as outside the record evidence is without merit.  It is well-established that in conducting a hearing under the LHWCA an ALJ is not bound "by common law or statutory rules of evidence or by technical or formal rules of procedure... but may make such investigation or inquiry or conduct such hearing in such manner as to best ascertain the rights of the parties."[13]  Further, the regulations specifically provide that "[o]fficial notice may be taken of any material fact, not appearing in evidence in the record, which is among the traditional matters of judicial notice."[14]  The Merck

---

[11]**Atlantic Marine, Inc. v. Bruce,** 661 F.2d 898, 900 (5th Cir. Unit B 1981) (quoting **Hullinghorst Indus., Inc. v. Carroll,** 650 F.2d 750, 759 (5th Cir. 1981)).

[12]**Atlantic Marine, Inc.; Konno,** 28 BRBS 57 (1994).

[13]33 U.S.C. § 923(a); **Richardson v. Perales,** 402 U.S. 389 (1971); **Casey v. Georgetown Univ. Med. Ctr.,** 31 BRBS 147 (1997).

[14]29 C.F.R. § 18.45.

Manual is a commonly used medical reference text. Mrs. Galle was provided with sufficient notice and an opportunity to object to those portions on which the ALJ relied.[15] We note, moreover, that the ALJ did not rely exclusively on the Merck Manual but, rather, used it as a guide to determine which of the competing medical opinions were more credible.

Similarly, Mrs. Galle's claim that the ALJ should have recused himself lacks merit. She contends that because the ALJ presided over her husband's disability claim, which she also suggests was wrongly adjudicated, he necessarily was biased against her in this claim. To provide a basis for recusal Mrs. Galle must set forth facts indicating a personal bias on the part of the ALJ.[16] Adverse rulings alone are not evidence of personal bias and cannot form the basis for recusal.[17]

The decision appealed is AFFIRMED.

---

[15]Section 18.45 states that "sufficient notice" must be given to a party when such outside evidence is consulted which, as occurred in this case, includes "reference in the administrative law judge's decision." *Id.*

[16]33 U.S.C. § 919(d); 5 U.S.C. § 556(b).

[17]**United States v. Merkt,** 794 F.2d 950 (5th Cir. 1986) (explaining difference between personal and judicial bias); **Raimer v. Willamette Iron & Steel Co.,** 21 BRBS 98 (1988).