**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-60136

Summary Calendar

SEAN MCCARTHY,

Petitioner,

VERSUS

PETROLEUM CENTER, INC.; LOUISIANA WORKERS' COMPENSATION
CORPORATION; DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS,
U.S. DEPARTMENT OF LABOR,

Respondents.

Petition for Review of an Order of the
Benefits Review Board

(BRB Nos. 00-773 and 01-534)

February 13, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM.[*]

Sean McCarthy pro se appeals the decision of the Benefits
Review Board upholding his benefits determination under the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Longshore and Harbor Workers Compensation Act ("LHWCA"), 33 U.S.C. §§ 901 et seq. Given our narrow scope of review, and considering the substantial evidence supporting the Board's decision, we AFFIRM.

McCarthy was injured while working on an oil rig on January 25, 1994. He was treated by Dr. Cobb, who performed multiple surgeries on him over the course of several years. On August 11, 1997, three months after performing an operation on McCarthy's elbow, Dr. Cobb opined that "At this point in time, I think he is capable of light to medium work, somewhere in that category." Two vocational rehabilitation specialists identified various jobs that McCarthy could perform, given his physical limitations, educational background, and past work history. These jobs provided compensation roughly comparable to McCarthy's weekly wage at the time of the accident. Although he contacted various employers, McCarthy applied for none of the identified jobs and instead sought to further his education.

The Louisiana Workers' Compensation Corporation voluntarily paid McCarthy temporary total disability benefits from January 25, 1994, to February 10, 1998, at which point it paid him permanent partial disability benefits. McCarthy contested the reduction. An administrative law judge ("ALJ") determined that McCarthy was entitled to a temporary total disability benefits from January 25, 1994, to February 10, 1998, and temporary partial disability benefits from February 11, 1998. The ALJ explained that the

2

disability award was temporary because McCarthy had not yet reached maximum medical improvement. He further explained that the award was partial because McCarthy had been released to light-to-medium work by Dr. Cobb and because a vocational expert had identified available jobs that were within McCarthy's limitations and capacities. After further proceedings, including a remand to the ALJ for consideration of additional evidence and an additional claim, the Benefit Review Board ("Board") affirmed the ALJ's decision.

We review to determine whether the Board's decision is supported by substantial evidence, is rational, and is in accordance with the law. See SGS Control Servs. v. Director, Office of Worker's Compensation Programs, U.S. Dep't of Labor, 86 F.3d 438, 440 (5th Cir. 1996) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Avondale Indus., Inc. v. Director, Office of Workers' Compensation Programs, 977 F.2d 186, 189 (5th Cir. 1992) (internal quotation omitted). "As fact finder, the ALJ determines questions of credibility of witnesses and of conflicting evidence. He is not required to accept the opinion or theory of a medical expert that contradicts the ALJ's findings based on common sense." Id.

The parties agree that McCarthy could not perform his former job due to the accident. Hence, the dispositive issue was whether Respondents established that McCarthy was "(1) capable of

3

performing (2) other realistically available jobs." SGS Control Servs., 86 F.3d at 444. The ALJ found that the Respondents met this burden. Substantial evidence supports this finding. First, Dr. Cobb's opinion can reasonably be interpreted to show that McCarthy had been cleared to perform light-to-medium work. Second, two vocational experts identified several comparably paying, available jobs that McCarthy could perform given his physical limitations, his educational background, and his prior experience as a car salesman and an insurance salesman. McCarthy failed to rebut this evidence with proof that he diligently tried but failed to secure employment. See New Orleans (Gulfwide) Stevedores v. Turner, 661 F.2d 1031, 1043 (5th Cir. Unit A 1981). McCarthy's admirable decision to seek further education instead of taking one of the identified jobs is irrelevant to our analysis, for substantial evidence supports the ALJ's conclusion that McCarthy did not need additional training in order to obtain a wage commensurate with his pre-injury earnings. See Louisiana Ins. Guar. Ass'n v. Abbott, 40 F.3d 122, 127-28 (5th Cir. 1994) (construing LHWCA to entitle total disability benefits during time claimant pursued training necessary to enable return as productive member of workforce).

Substantial evidence also supports the ALJ's determination that McCarthy was entitled to a temporary partial disability payment based on his pre-injury wage of $514.35 reduced by his inflation-adjusted, post-injury weekly earning capacity of $428.12.

4

See Avondale Indus., Inc. v. Pulliam, 137 F.3d 326, 328 (5th Cir. 1998) (holding that averaging the range of salaries identified as suitable alternate employment "is a reasonable method for determining a claimant's post-injury earning capacity").

McCarthy also disputes the ALJ's finding that his knee injury, which he first reported in December 1998, was unrelated to his January 1994 work accident. McCarthy is entitled to the presumption that his knee injury was caused by his work accident. 33 U.S.C. § 920(a). The ALJ found, however, that Respondents had rebutted the presumption through evidence showing that the injury was not work-related. See Conoco, Inc. v. Director, Office, Worker's Compensation Programs, 194 F.3d 684, 687-88 (5th Cir. 1999). The testimony of Dr. Gidman, who opined that radicular pain from a back injury and knee pain of the sort reported by McCarthy were incompatible and that in any event such radicular pain would have manifest itself within a year of the accident, constitutes substantial evidence supporting the ALJ's finding.

AFFIRMED.