United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 05-60411

(Summary Calendar)

_____

NORTHROP GRUMMAN SHIP SYSTEMS INC,

Petitioner,

versus

DANILO PERALTA; DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, US DEPARTMENT OF LABOR,

Respondents.

_____

Petition for Review of a Decision and Order
of the Benefits Review Board
No. 04-0545

_____

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Northrop Grumman Ship Systems, Inc ("Northrop") petitions for review of a decision by the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Benefits Review Board ("BRB"), affirming the Administrative Law Judge's decision to award benefits to Danilo A. Peralta ("Peralta"), pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* Northrop challenges the BRB's decision to affirm the ALJ's judgment that Peralta suffered a disabling employment-related injury.

Peralta sustained an injury when his supervisor threw a metal chair at him, striking Peralta in the left knee. Peralta received medical treatment and underwent arthroscopic surgery to his left knee. He attempted to return to work, but because of the drugs he was taking to treat his injury, Northrop did not allow him to return. After having paid temporary total benefits to Peralta for almost a year following the injury, Northrop terminated Peralta's employment. Peralta suffered from continuing knee ailments, for which he sought disability benefits. The ALJ found that the knee injury arose from a workplace incident and awarded disability compensation and related medical expenses. Northrop appealed, and the BRB affirmed.

The BRB will affirm the ALJ's decision if it is "supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3). We limit our review to whether the BRB "adhered to its statutory standard of review of factual determinations." *Ortco Contractors, Inc. v. Charpentier*, 332 F.3d 283, 287 (5th Cir. 2003).[1]

Northrop does not substantially challenge that Peralta has carried his initial burden of demonstrating that he suffered an injury and that the injury occurred in the course of employment, thus triggering the presumption that he is entitled to coverage. *See Ortco*, 332 F.3d at 287; 33 U.S.C. § 920(a) ("In any proceeding for the enforcement of a claim for compensation . . . it shall be

---

[1]     Neither party briefs the applicable standard of review. *See* FED. R. APP. P. 28(a)(9)(B) (stating that Appellant "must" include a "concise statement of the applicable standard of review").

presumed . . . [t]hat the claim comes within the provisions of this chapter."). Northrop rebutted this presumption with the report of an orthopedic surgeon who opined that Peralta's knee condition was *not* related to the workplace incident. After an employer has rebutted the presumption of coverage, the ALJ assesses causation by looking at all the evidence in the record. *Gooden v. Director, Office of Worker's Comp. Programs, U.S. Dep't of Labor*, 135 F.3d 1066, 1068 (5th Cir. 1998). Northrop argues that the record evidence is insufficient to establish that Peralta is entitled to benefits.

The BRB reviewed the decision of the ALJ and concluded that the ALJ had both discussed the relevant evidence and provided rational reasons for choosing amongst competing inferences. The BRB correctly noted that the ALJ has broad discretion to make determinations based on his assessment of the medical testimony and the claimant's own testimony. *See Conoco, Inc. v. Dir., Office of Worker's Comp. Programs, U.S. Dep't of Labor*, 194 F.3d 684, 691 (5th Cir. 1999) (observing that the ALJ possessed the discretion to give greater weight to some medical testimony than others, and to give credit to the claimant's testimony); *Mendoza v. Marine Pers. Co.*, 46 F.3d 498, 500 (5th Cir. 1995) (stating that the ALJ "determines the weight to be accorded to evidence," "makes credibility determinations," and "is entitled to accept any part of an expert's testimony or reject it completely").

Applying our deferential standard of review, *Conoco*, 194 F.3d at 690, we cannot say that the BRB incorrectly determined that the ALJ's decision was based on substantial evidence in the record. Therefore, the petition for review of the decision of the BRB must be DENIED.