# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 24, 2012

No. 11-60180
Summary Calendar

Lyle W. Cayce
Clerk

ISLAND OPERATING COMPANY, INCORPORATED; LOUISIANA
WORKERS' COMPENSATION CORPORATION

Petitioners

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR; BRYAN K. DOUCET,

Respondents

Petition for Review of an Order of the
Benefits Review Board
BRB No. 10-0445

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Respondent Brian Doucet worked for petitioner Island Operating Company ("Island") on an oil platform on the outer continental shelf. On July 15, 2008, Doucet had a heavy work day exchanging fire extinguishers on another platform and woke up the next day suffering severe back pain. Thereafter,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60180

Doucet was treated for back pain and a magnetic resonance imaging examination revealed degenerated and herniated discs in Doucet's spine.

Doucet filed a claim for benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, as extended by the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.* ("the Act"). An administrative law judge ("ALJ") awarded Doucet benefits, and the Benefits Review Board ("the Board") affirmed the award. Island petitions for review of the Board's decision, arguing that insufficient evidence supports the ALJ's award determination. Island argues that the evidence demonstrates that Doucet's back condition is the result of the natural progression of a pre-existing injury unrelated to, and not aggravated by, his work.

This Court reviews decisions of the Board under the same standard the Board uses to review the ALJ: whether the decision is supported by substantial evidence and is in accordance with the law. *SGS Control Servs. v. Dir., Office of Workers' Comp. Programs*, 86 F.3d 438, 440 (5th Cir. 1996). This court may not substitute its judgment for that of the ALJ or re-weigh evidence; its review is limited to determining "whether evidence exists to support the ALJ's findings." *Id.*

There is a presumption that a claim comes within the provisions of the Act in the absence of substantial evidence to the contrary. 33 U.S.C. § 920(a); *Port Cooper/T. Smith Stevedoring Co. v. Hunter*, 227 F.3d 285, 287 (5th Cir. 2000) ("[I]nherent in [§ 920(a)] is the presumption that an injury is causally related to a worker's employment."). To trigger this presumption, the claimant must make a prima facie showing of causation. *Port Cooper*, 227 F.3d at 287. "To invoke the Section 920(a) presumption, a claimant must prove (1) that he or she suffered harm, and (2) that conditions existed at work, or an accident occurred at work, that could have caused, aggravated, or accelerated the condition." *Id.* (citing *Conoco, Inc. v. Dir., Office of Workers' Comp. Programs*, 194 F.3d 684, 687

No. 11-60180

(5th Cir. 1999)).  If a plaintiff establishes this prima facie case, the burden shifts to the employer to rebut the presumption by pointing to "substantial evidence establishing the absence of a connection between the injury and the employment." *Id.* at 288; *see also Conoco*, 194 F.3d at 687-88 (explaining that the "employer [must] rebut [the presumption] through facts — not mere speculation — that the harm was *not* work-related").

Here, the record supports the ALJ's determination that the presumption was triggered, thus shifting the burden to Island to rebut the presumption.  The record also supports the ALJ's finding that Island did not rebut the presumption that Doucet's back injury was causally related to his workplace accident.  Doucet and his wife testified that Doucet never had back problems prior to the day in question, and Doucet testified that he had no trouble completing the rigorous functional assessment he was required to performed prior to commencing his employment with Island.  The ALJ explicitly found this testimony "very credible," and we accord deference to that credibility determination.  *See Ingalls Shipbuilding, Inc. v. Dir., Office of Workers' Comp. Programs*, 991 F.2d 163, 165 (5th Cir. 1993).[1]  The record further indicated that Doucet never missed a day of work because of back pain prior to the day in question.  Although the record contained some conflicting evidence regarding whether Doucet may have suffered from some type of back problems prior to the work day in question, it is not the role of this court to re-weigh that evidence.

Substantial evidence in the record supports the ALJ's conclusion that Doucet's working conditions could have caused, aggravated, or accelerated his condition.  The decision of the Benefits Review Board is AFFIRMED.

---

[1] Island's comparison of this case to *Mackey v. Marine Terminals Corp.*, 21 BRBS 129, 1988 WL 232723 (Ben. Rev. Bd. 1988), is misguided.  In *Mackey*, the Board deferred to the ALJ's "assessment of claimant's credibility," specifically the fact that the ALJ "gave no credence whatever to claimant's testimony" regarding his claim.  *Id.* at *2.  Here, the ALJ specifically found Doucet's testimony regarding his condition to be highly credible.

3