# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60649
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 20, 2016

Lyle W. Cayce
Clerk

CHARLES E. WOODS,

      Petitioner

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR; HELMERICH & PAYNE;
NATIONAL UNION FIRE INSURANCE COMPANY,

      Respondents

Petition for Review of an Order
of the Benefits Review Board
BRB No. 13-0570
BRB No. 14-0416

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

      Petitioner claims that he was injured while working on a deep-water oil drilling rig, and seeks compensation for his injury. The Benefits Review Board

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60649

affirmed the Administrative Law Judge's decision denying benefits, and Petitioner seeks review in this court. We affirm.

Charles E. Woods worked as a tool pusher on a deep-water oil drilling rig. On February 2, 2010, he fell approximately six feet out of his top bunk onto the floor. He reported the incident, but did not fill out an accident report. Woods continued to work his scheduled twelve-hour shifts for the next fourteen days. He continued to work his normal fourteen-days on, fourteen-days off cycle for the next year, until he was removed from the oil rig on February 9, 2011, for non-injury reasons. On April 15, 2011—fourteen months after his fall— Woods filed a claim for benefits under the Longshore and Harbor Workers' Compensation Act as extended by the Outer Continental Shelf Lands Act.

The Administrative Law Judge (ALJ) found that Woods made a *prima facie* case of a compensable injury related to his falling from his bunk;[1] Woods established that he sustained a physical harm and that an accident occurred.[2] The ALJ correctly determined that "[o]nce a *prima facie* case is established, a presumption is created under Section 20(a) that the employee's injury or death arose out of his employment." *Port Cooper/T. Smith Stevedoring Co. v. Hunter*, 227 F.3d 285, 287 (5th Cir. 2000). "Once the presumption is invoked, the burden shifts to the employer to rebut it through facts—not mere speculation—

---

[1] In his Modification Request, Woods also submitted medical records showing treatment of his left knee, and claimed that a prior work-related knee injury was exacerbated by his fall from his bunk. The ALJ found that Woods did not make a *prima facie* case of a compensable injury "supporting any left knee injury connected to the bunk bed incident." The Benefits Review Board (BRB) thoroughly addressed Woods's claims on this point, and "affirm[ed] the administrative law judge's rejection of [Woods's] left knee injury claim." We agree with the BRB for the reason stated in its Decision and Order; no further discussion is necessary.

[2] All references to the ALJ's findings refer to the ALJ Modified Decision and Order issued on July 22, 2014. The ALJ issued a prior Decision and Order in this case, but the Benefits Review Board remanded the issue back to the ALJ after Woods submitted a Modification Request and additional medical evidence. The BRB considered the ALJ's Modified Decision and Order, affirming it on appeal.

No. 15-60649

that the harm was *not* work-related." *Conoco, Inc. v. Dir., Office of Worker's Comp. Programs, U.S. Dep't of Labor*, 194 F.3d 684, 687–88 (5th Cir. 1999). "If the presumption is rebutted by the employer, the ALJ is then obliged to weigh all of the evidence of record to determine whether the injury arose out of the Claimant's employment." *Ceres Gulf, Inc. v. Dir., Office of Worker's Comp. Programs*, 683 F.3d 225, 229 (5th Cir. 2012).

Here, the ALJ held that Woods' employer successfully rebutted the presumption by presenting credible evidence of the following facts:

(1) [Woods] worked a 14-day period after the accident and continued to work his regular schedule on the oil drilling rig until February 9, 2011, when employer removed him from the rig due to his refusal to stop "investigating" his nephew's accident;

(2) the medical records of [Woods's] family physician, Dr. Corkern, do not support [Woods's] testimony that he reported lower back, right hip and knee pain on February 18, 2010, in that Dr. Corkern's records first note these complaints on March 1, 2011;

(3) [Woods's] refusal of employer's February 2011 offer of land-based work because he was upset about his nephew's accident and his mother's illness, rather than because of injury;

(4) [Woods's] failure to report to employer any alleged injuries related to the February 2, 2010 work accident until March 24, 2011;

(5) the normal MRIs of claimant's spine on March 7, 2011;

(6) the statement by Dr. Lovell, a neurosurgeon, that [Woods] has mild spinal degeneration unrelated to an accident;

(7) the similar diagnosis by Dr. Prada that [Woods] received before undergoing laser surgery;

(8) [Woods's] requesting that his stepson, an MRI technologist, help him find a doctor who would support his claim;

(9) [Woods's] refusal to cooperate with employer's investigation of the claim; and

(10)   [Woods's] post-accident ability to engage in strenuous activity at home.

3

No. 15-60649

Based on these facts, the ALJ confirmed that "no physician has linked [Woods's] bunk fall to any condition and surgical need." Rather, the ALJ concluded that "credible evidence shows that [Woods] was not a credible witness and did not sustain any severe injuries from his bunk bed fall." The ALJ denied Woods's claim as lacking merit, and Woods appealed to the Benefits Review Board (BRB), which affirmed. Woods now seeks review in this court.

The BRB must uphold the ALJ's factual findings if they are supported by substantial evidence. 33 U.S.C. § 921(b)(3). "Substantial evidence is that relevant evidence—more than a scintilla but less than a preponderance—that would cause a reasonable person to accept the fact finding." *Coastal Prod. Servs. Inc. v. Hudson*, 555 F.3d 426, 430 (5th Cir. 2009) (quoting *Dir., OWCP v. Ingalls Shipbuilding, Inc.*, 125 F.3d 303, 305 (5th Cir. 1997)). We review decisions of the BRB to determine only whether it "correctly concluded that the ALJ's order was supported by substantial evidence on the record as a whole and is in accordance with the law." *Ingalls Shipbuilding, Inc. v. Dir., OWCP3*, 991 F.2d 163, 165 (5th Cir. 1993) (quoting *Avondale Indus., Inc. v. Dir., Office of Workers' Comp. Programs*, 977 F.2d 186, 189 (5th Cir. 1992)).

We find that substantial evidence supported the BRB's decision. Put simply, the ten facts cited above "throw factual doubt" on Woods's claim that any back or hip pain he may have suffered was caused by his fall from his bunk. *Ceres Gulf*, 683 F.3d at 231. Therefore, for the reasons cited by the BRB, the decision of the BRB is AFFIRMED.[3]

---

[3] Woods's motion to strike the testimony of Penny Woods and David Smith from the administrative record is DENIED.