United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60975

Summary Calendar

_____

FOURCHON WELDING CONTRACTORS INC; LOUISIANA WORKERS'
COMPENSATION CORP

Petitioners

v.

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, US
DEPARTMENT OF LABOR

Respondent

_____

Petition for Review from an Administrative
Decision of the Benefits Review Board
BRB No. 02-0394
_____

Before KING, Chief Judge, and DeMOSS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Petitioners Fourchon Welding Contractors, Inc. ("Fourchon

Welding") and Louisiana Workers' Compensation Corporation

("LWCC") seek review of an administrative decision of the U.S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Department of Labor Benefits Review Board ("BRB"). On appeal, Fourchon Welding and LWCC contend that there is no substantial evidence to support: (1) the administrative law judge ("ALJ")'s finding that claimant Aujest J. Cheramie suffered a residual disability as a result of his accident; and (2) the award of permanent and total disability benefits. For these reasons, Fourchon Welding and LWCC urge reversal of the BRB's affirmance of the ALJ's decision and order.[1] Based on the facts as presented in the trial record, we affirm the BRB's order and deny the petition for review.

In May 1997, Fourchon Welding hired Cheramie as a temporary inventory clerk. On August 22, 1997, Cheramie sustained a lumbar strain while lifting an angle iron. He returned to work for approximately one week after the accident, but he subsequently sought medical treatment. Thereafter, Cheramie brought suit against Fourchon Welding, alleging his entitlement to relief under the Longshore and Harbor Workers' Compensation Act ("Act"), 33 U.S.C. § 901 (2000).

After conducting a trial, the ALJ found that Cheramie was permanently and totally disabled. Fourchon Welding then appealed the ALJ's decision to the BRB. The BRB held that the ALJ erred in finding that Cheramie had established a prima facie case of

---

[1] Respondent, Director, Office of Worker's Compensation Programs, United States Department of Labor, opted not to participate in the appeal of this case and hence, did not file a brief in response to the petition for review.

total disability without first finding that he had a residual work-related medical impairment.  However, the BRB did find that Cheramie could invoke the 33 U.S.C. § 920(a) ("section 20(a)") presumption that his continuing back condition was causally related to his employment.  The BRB vacated the ALJ's decision and remanded the case for the ALJ to determine whether the employer had provided sufficient evidence to rebut the section 20(a) presumption, and if so, to resolve the issue of causation on the basis of the entire record.

On remand, the ALJ determined that Fourchon Welding had produced substantial evidence to rebut the section 20(a) presumption.  The ALJ nevertheless accepted Cheramie's testimony that his continuing back pain prevented him from obtaining meaningful work.  This testimony was corroborated by documentary evidence depicting Cheramie's post-injury condition.  Accordingly, the ALJ awarded Cheramie continuing permanent total disability benefits.

Upon reviewing the ALJ's decision and order on remand, the BRB affirmed the ALJ's findings of fact and conclusions of law.  The BRB determined that Fourchon Welding had not demonstrated that the ALJ's decision to credit Cheramie's testimony was "inherently incredible or patently incredible."  According to the BRB, affirmance of the ALJ's award of total disability benefits was appropriate because Cheramie made out his prima facie case of

3

total disability and Fourchon Welding had not established the availability of suitable alternative employment.

In their petition for review, Fourchon Welding and LWCC assert that the ALJ's decision: (1) is not supported by medical evidence; (2) completely discounts the physician's release of Cheramie without restriction; and (3) relies entirely on Cheramie's allegedly untrustworthy testimony.  This court is bound to uphold the ALJ's decision provided that it is supported by substantial evidence and is in accordance with the law.  E.g., Ledet v. Phillips Petroleum Co., 163 F.3d 901, 904 (5th Cir. 1998) (footnote omitted).

Contrary to Fourchon Welding and LWCC's assertions, there is substantial evidence, based on testimony from several medical specialists, indicating that Cheramie sustained a residual disability as a direct consequence of the August 1997 accident. This evidence supports the ALJ's finding of permanent disability. See id. at 905 ("An employee is considered permanently disabled when he has any residual disability following the date of maximum medical improvement.").  Thus, the ALJ did not err in finding that Cheramie suffered a permanent disability.

Moreover, there is also substantial evidence supporting the ALJ's finding that Cheramie "can no longer return to his former longshore job due to his job-related injury," thereby permitting him to establish a prima facie case of total disability under the Act.  New Orleans (Gulfwide) Stevedores v. Turner, 661 F.2d 1031,

4

1038 (5th Cir. Unit A Nov. 1981), <u>cited with approval in</u> <u>Ledet</u>, 163 F.3d at 905 n.11.[2]  Further, Fourchon Welding and LWCC do not attempt to demonstrate that they offered Cheramie suitable alternative employment, an effort which would rebut his prima facie case of total disability.  <u>See, e.g.</u>, <u>id.</u>  Hence, we conclude that the ALJ did not err in finding that Cheramie suffered a total disability.

Because there is substantial evidence in the record supporting the ALJ's finding that Cheramie suffered a residual disability as a result of his on-the-job accident, as well as the ALJ's award of permanent and total disability benefits, we find no reversible error.  For the above reasons, the order of the BRB is AFFIRMED, and the petition for review is DENIED.

---

[2]  Because the <u>Turner</u> standard and the Supreme Court's standard for disability enunciated in <u>Metropolitan Stevedore Co. v. Rambo</u>, 521 U.S. 121, 127 (1997) ("Disability [under the Act] is a measure of earning capacity lost as a result of a work-related injury.... [T]he statute makes it clear that disability is the product of injury and opportunities in the job market."), compliment one another, a prima facie showing of total disability under <u>Turner</u> should also satisfy the less demanding <u>Rambo</u> standard.  Fourchon Welding and LWCC concede as much.