United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60687
Summary Calendar

CRESCENT TOWING & SALVAGE CO. and THE AMERICAN LONGSHORE MUTUAL
ASSOCIATION, LTD.,

Petitioners,

versus

ELMER J. COLLINS, JR., DIRECTOR, OFFICE OF WORKER'S COMPENSATION
PROGRAMS, U.S. DEPARTMENT OF LABOR,

Respondents.

--------------------
Petition for Review of an Order of the
Benefits Review Board
BRB No. 05-7083
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Crescent Towing & Salvage Company ("Crescent"), appellee's

employer, and The American Longshore Mutual Association, Ltd.

("ALMA") appeal the Benefits Review Board decision and order,

upholding the award of benefits under the Longshore and Harbor

Workers' Compensation Act, 33 U.S.C. § 901, <u>et</u> <u>seq</u>. by an

Administrative Law Judge ("ALJ") to appellee, Elmer J. Collins.

Collins suffered an undisputed back injury at work; he contended

that a later episode of atrial fibrillation was triggered by an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

epidural steroid injection administered to treat his back injury. The appellants contend that: (1) the ALJ erred in denying their motion to strike the testimony of Collins's treating cardiologist; (2) the evidence was insufficient to trigger the Section 20(a) presumption; (3) the Section 20(a) presumption was rebutted; (4) Collins's condition was not caused by his work-related injury; (5) Collins is not entitled to temporary total disability benefits; and (6) despite suitable alternative employment identified, Collins failed to perform a diligent job search.

We review the BRB only to consider "errors of law and [to] mak[e] certain that the BRB adhered to its statutory standard of review of factual determinations, that is, [to determine] whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law." Ortco Contractors, Inc. v. Charpentier, 332 F.3d 283, 287 (5th Cir. 2003)(internal quotes and citations omitted).

The ALJ did not err in admitting the testimony of Collins's treating cardiologist. As the appellants concede, the ALJ is not bound by the formal rules of evidence or the cases interpreting such. See 33 U.S.C. § 923(a); the ALJ was within his discretion to admit this testimony. See Atlantic Marine, Inc. v. Bruce, 661 F.2d 898, 900 (5th Cir. 1981); see also Patterson v. Omniplex World Services, 36 BRBS 149(2003).

We also find no error in the ALJ's decision that the evidence was sufficient to invoke the 20(a)[1] rebuttable presumption, that the employer failed to rebut it, and that Collins carried his burden of persuasion that his condition is causally related to his work injury. Under the LHWCA, a claimant must prove a prima facie case for coverage, which consists of proof that (1) an injury was suffered, and (2) the injury occurred in the course of employment or was caused, aggravated or accelerated by conditions at the work place. Ortco, 332 F.3d at 287 (citing Conoco v. Director, Office of Worker's Compensation Programs, U.S. Dept. of Labor, 194 F.3d 684, 687 (5th Cir. 1999). Once he does so, the 20(a) presumption that the injury is work-related and that the claimant is entitled to coverage is triggered. Id. To avoid coverage, the burden shifts to the employer to affirmatively rebut the presumption with "substantial evidence to the contrary." Id. This evidentiary standard is less demanding than proof by a preponderance of evidence. Id. If the employer is successful in rebutting the presumption, the ALJ must assess the issue of causation by looking at all record evidence. Id. at 290.

The fact that Collins suffered an injury is undisputed, and Collins's board-certified cardiologist stated that it is much more likely than not that the claimant's initial episode of atrial fibrillation was triggered by the epidural injection. His opinion qualifies as substantial evidence to support the ALJ's finding that

---

[1]  33 U.S.C. § 920(a).

the Section 20(a) presumption was triggered.  Further the employer did not rebut the presumption with substantial evidence to the contrary.  Though the employer offered the testimony of another cardiologist who opined that Collins sustained a lone episode of atrial fibrillation, i.e., a spontaneous condition, the ALJ is entitled to weigh the evidence, assess the credibility of the witnesses, and draw inferences and conclusions from the evidence. Id. at 292.

The ALJ did not err in finding that Collins is entitled to temporary total disability benefits.  Once a claimant has demonstrated that he is unable to perform his former longshore employment due to his job-related injury, he has made a prima facie case of total disability. SGS Control Services v. Director, Office of Worker's Compensation Programs, U.S., 86 F.3d 438 (5th Cir. 1996) (citing Louisiana Ins. Guar. Ass'n v. Abbott, 40 F.3d 122, 127 (5th Cir. 1994)).  The burden then shifts to the employer to rebut the prima facie showing by establishing that the employee is (1) capable of performing (2) other realistically available jobs. Id. (citing Abbott, 40 F.3d at 127).  The claimant, by virtue of his age, education, work experience, and physical restrictions must be capable of performing these jobs. Ledet v. Phillips Petroleum, Co., 163 F.3d 901,  905 (5th Cir. 1998).  Once an employer makes this showing, the burden shifts back to the claimant to show that he diligently looked for work and was unable to find a job. Ceres Marine Terminal v. Hinton, 243 F.3d 222, 225 (5th Cir. 2001)

(citing <u>New Orleans (Gulfwide) Stevedores v. Turner</u>, 661 F.2d 1031, 1040 (5th Cir. Unit A.1981)). In the instant case, substantial evidence supports the ALJ's determination that Collins presented a <u>prima</u> <u>facie</u> case of disability. Further, because the record supports the finding that Collins could not perform any work, there is no suitable alternative employment available to him.

For the foregoing reasons, we AFFIRM.