# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 26, 2007**

Charles R. Fulbruge III
Clerk

No. 06-60923
Summary Calendar

ADM/GROWMARK RIVER SYSTEM, INC.

Petitioner

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
US DEPARTMENT OF LABOR; ROOSEVELT JOHNSON

Respondents

Appeal from the Benefits and Review Board Decision and Order,
BRB No. 05-0962

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

ADM/Growmark River System, Inc. ("ADM"), claimant's employer, appeals the Benefits Review Board decision and order, upholding the award of benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq. by an Administrative Law Judge ("ALJ") to appellee, Roosevelt Johnson. Johnson suffered an undisputed knee injury at work; he claims the knee injury caused another accident at work, which lead to serious back injury. The appellant contends that: (1) the evidence was insufficient to trigger the Section

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

20(a), 33 U.S.C. 920(a) presumption; (2) the Section 20(a) presumption was rebutted; (3) Johnson is not entitled to temporary total disability benefits; (4) suitable employment was established for Johnson; (5) Johnson did not find suitable employment; (6) reliance on claimant's testimony was patently unreasonable; (7) that expert testimony was required to explain the circumstances of claimant's alleged accident; (8) the administrative decisions are not supported by substantial evidence based on the record as a whole.

We review the Benefits and Review Board ("BRB") only to consider "errors of law and [to] mak[e] certain that the BRB adhered to its statutory standard of review of factual determinations, that is, [to determine] whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law." Ortco Contractors, Inc. v. Charpentier, 332 F.3d 283, 287 (5th Cir. 2003) (internal quotes and citations omitted).

We find no error in the ALJ's decision that the evidence was sufficient to invoke the 20(a)[1] rebuttable presumption, that the employer failed to rebut it, and that Collins carried his burden of persuasion that his condition is causally related to his work injury. Under the LHWCA, a claimant must prove a prima facie case for coverage, which consists of proof that (1) an injury was suffered, and (2) the injury occurred in the course of employment or was caused, aggravated or accelerated by conditions at the work place. Ortco, 332 F.3d at 287 (citing Conoco v. Director, Office of Worker's Compensation Programs, U.S. Dept. of Labor, 194 F.3d 684, 687 (5th Cir. 1999)). Once he does so, the 20(a) presumption that the injury is work-related and that the claimant is entitled to coverage is triggered. Id. To avoid coverage, the burden shifts to the employer to affirmatively rebut the presumption with "substantial evidence to the contrary." Id. This evidentiary standard is less demanding than proof by a

---

[1] 33 U.S.C. § 920(a).

preponderance of evidence.  Id.   If the employer is successful in rebutting the presumption, the ALJ must assess the issue of causation by looking at all record evidence.  Id. at 290.

There is substantial evidence supporting the ALJ's determination that Johnson suffered an accident at work.   The employer does not dispute the first accident leading to his knee injury. However, the employer does contend the second accident, as Johnson described, would defy the laws of physics and was staged.  There is substantial evidence to support the ALJ's decision to credit Johnson's view of the events. Photographs and the general consistency in Johnson's description of  events supported the ALJ's decision.   The ALJ's determination that Johnson suffered a real injury from which he has not fully recovered is also backed with substantial evidence.   Two doctors opined that Johnson was limited in the tasks he could safely perform, because of his back and neck pain and the continuing and worsening problems with his knee.  Their opinions qualify as substantial evidence to support the ALJ's finding that the Section 20(a) presumption was triggered.  Further the employer did not rebut the presumption with substantial evidence to the contrary.  The employer could not provide any witness challenging Johnson's narrative of events.   The employer also did not provide an expert to testify that Johnson's account of events was physically impossible.  Instead, the employer relies on conclusory statements that Johnson's account is not possible.  Though the employer offered the testimony of another doctor who opined, based on videotapes provided by the defendant, that Johnson could work without restriction and identified some inconsistencies in Johnson's testimony, the ALJ is entitled to weigh the evidence, assess the credibility of the witnesses, and draw inferences and conclusions from the evidence.   Id. at 292.   The ALJ's reliance on his testimony is also not patently unreasonable in light of the employer's failure to provide substantial evidence to the contrary.

3

The ALJ did not err in finding that Johnson is entitled to temporary total disability benefits. Once a claimant has demonstrated that he is unable to perform his former longshore employment due to his job-related injury, he has made a prima facie case of total disability. SGS Control Services v. Director, Office of Worker's Compensation Programs, U.S., 86 F.3d 438 (5th Cir. 1996) (citing Louisiana Ins. Guar. Ass'n v. Abbott, 40 F.3d 122, 127 (5th Cir. 1994)). The burden then shifts to the employer to rebut the prima facie showing by establishing that the employee is (1) capable of performing (2) other realistically available jobs. Id. (citing Abbott, 40 F.3d at 127). The claimant, by virtue of his age, education, work experience, and physical restrictions must be capable of performing these jobs. Ledet v. Phillips Petroleum, Co., 163 F.3d 901, 905 (5th Cir. 1998). Once an employer makes this showing, the burden shifts back to the claimant to show that he diligently looked for work and was unable to find a job. Ceres Marine Terminal v. Hinton, 243 F.3d 222, 225 (5th Cir. 2001) (citing New Orleans (Gulfwide) Stevedores v. Turner, 661 F.2d 1031, 1040 (5th Cir. 1981)). In the instant case, substantial evidence supports the ALJ's determination that Johnson presented a prima facie case of disability. Two physicians opined that Johnson could not return to his old job and had restrictions on the type of work he could perform. Though the employer provides evidence that Johnson was performing work post-injury that is similar to the work he performed at his job, the ALJ was justified in concluding that Johnson's alleged work in short bursts does not contradict the expert testimony that he could not return to the same job where the work is sustained over a much longer duration.

To determine whether there is possible alternative employment, we must consider whether the employer established that: (1) considering claimant's age, background, education, etc., what can the claimant physically and mentally do following his injury, that is, what types of jobs is he capable of performing or capable of being trained to do?; and (2) within this category of jobs that the

claimant is reasonably capable of performing, are there jobs reasonably available in the community for which the claimant is able to compete and which he could realistically and likely secure? The employer is correct to note that evidence that one job was available could satisfy the employer's burden. However, whether a single job satisfies the burden is a case-specific factual determination. P & M Crane Co. v. Hayes, 930 F.2d 424, 431 (5th Cir. 1991). As we noted in P & M Crane Co., the burden on the employer heightens if it only offers a single possible opportunity and the employer would have to show that "an employee may have a reasonable likelihood of obtaining such a single employment opportunity under appropriate circumstances." Id. Such "appropriate circumstances" identified in P & M Crane Co., such as the fact that an employee is highly skilled, the employer is specialized, and the number of qualified workers is limited in the community, do not exist in this case. Therefore, we find sufficient evidence for the ALJ's determination that the employer failed to satisfy its burden for the time period between November 2003 to March 2005. Since the ALJ had sufficient evidence to determine that Johnson had restrictions limiting the jobs he could pursue, he also was justified in relying on Dr. Stokes' testimony concerning the types of jobs and wages Johnson would earn if he pursued those jobs. Based on the foregoing, we find substantial evidence to support the ALJ's findings, and therefore his decision is not patently unreasonable and he did not abuse his discretion.

Accordingly, we AFFIRM.